**IT IS ORDERED as set forth below:**



**Date: March 27, 2024**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| ROBERT STORM, | : | BANKRUPTCY CASE 23-55028 LRC |
| Debtor. | : | |
| _____ | : | |
| MASHALA INVESTMENTS, LLC, | : | ADVERSARY PROCEEDING NO. 23-05175-LRC |
| Plaintiff, | : | |
| v. | : | |
| ROBERT STORM, | : | IN PROCEEDINGS UNDER CHAPTER 7 OF THE BANKRUPTCY CODE |
| Defendant. | : | |

## ORDER

Before the Court is the *Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* (Doc. 4) (the "Motion") filed by Robert Storm ("Defendant"). The Motion seeks dismissal, pursuant to Rule 7012 of the Federal Rules of Bankruptcy

Procedure, of two counts of the complaint (Doc. 1, the "Complaint") filed by Mashala Investments, LLC ("Plaintiff")—Count 1, which is an objection to discharge pursuant to § 727(a)(4)(C) of the Bankruptcy Code[1] (the "727 Claim") and that portion of Count 2 that seeks a determination that a particular debt is nondischargeable under § 523(a)(4) (the "523(a)(4) Claim"). Accordingly, this matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I) & (J); § 1334. No response has been filed to the Motion, and, therefore, the Motion is deemed unopposed. *See* BLR 7007-1(c).

**Facts**[2]

Defendant is the sole owner and sole principal of BinaNat Capital, LLC ("BinaNat"). BinaNat is in the business of making hard money loans real estate transactions to borrowers ("Obligor(s)") that may or may not fit the conventional banking system. Defendant is the Manager of BinaNat. The money for the hard money loans made by BinaNat came from investors, such as Plaintiff. Defendant approached Plaintiff to do business with BinaNat and become an investor in the hard money loans. Defendant represented to Plaintiff that a written servicing agreement ("Servicing Agreement") would be entered for each hard money loan. Defendant signed each Servicing Agreement twice, individually as a guarantor, and in his representative capacity as Manager for BinaNat.

---

[1] All further references to § are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise noted.

[2] The Court has taken the facts from the allegations of the Complaint. *See generally Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) (holding that "allegations pled on 'information and belief' should be reviewed in the same way as all factual allegations in a Complaint" such that, the "mere fact that allegations begin with the statement 'on information and belief' will not automatically render them insufficient").

Plaintiff provided funds to BinaNat over several years in the aggregate principal amount of $704,250 for seventeen hard money loans made by BinaNat to Obligors. None of the hard money loans have been repaid to Plaintiff, and Defendant fully admits that BinaNat owes Plaintiff $704,250.00 for the principal amount of the aggregate hard money loans funded by Plaintiff as guaranteed by Defendant. Defendant admits that he took Plaintiff's funds and did not use them for the purpose that was originally intended for three hard money loans. Defendant admits that he used Plaintiff's funds to make fourteen hard money loans, and when these loans were repaid by the Obligors, he failed to inform Plaintiff of the repayment, and he used the repaid funds for other purposes instead of repaying Plaintiff.

BinaNat made regular interest payments under the Servicing Agreements to Plaintiff but ceased making such payments on April 5, 2022, when Plaintiff sued BinaNat and Defendant in Fulton County, Georgia Superior Court, for fraud, among other claims (the "Lawsuit"). Aggregate interest in the amount of $105,539.692 has accrued since BinaNat ceased making such payments to Plaintiff. Defendant and BinaNat made regular interest payments to Plaintiff for the intent and purpose of tricking Plaintiff by concealing the fact that BinaNat either failed to make three hard money loans or to conceal the fact that Obligors repaid the fourteen hard money loans to BinaNat and that Defendant and BinaNat used the repaid funds for purposes other than repaying Plaintiff.

Defendant answered the Lawsuit and fully litigated it until February 24, 2023, when the Fulton County Superior Court entered an order granting summary judgment in favor of Plaintiff and against Defendant and BinaNat ("Order"). A judgment for fraud was entered

on March 2, 2023, in favor of Plaintiff and against Defendant and BinaNat in the amount of $845,863.40 (the "Judgment"). The Order included findings of fact (which are outlined in this Complaint) and conclusions of law showing, among other things, that Plaintiff made out a prima facie case for fraud in paragraphs 1, 11-18 of the Conclusions of Law section thereof. Specifically, the Order states:

- [Plaintiff] made a prima facie case that … (c) Defendant[] defrauded [Plaintiff]. Defendant[] failed to point to specific evidence giving rise to a triable issue and thus failed to rebut or pierce [Plaintiff's] case.

- The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. Kilroy v. Alpharetta Fitness, Inc., 295 Ga. App. 274, 275–76, 671 S.E.2d 312, 313 (2008). While in many instances mere silence cannot be made the basis of fraud, yet, where the circumstances are of such a nature as to impose a duty upon one to speak, and where he deliberately fails to do so, his neglect will be deemed a deliberate suppression of the truth, and will amount to constructive, if not actual, fraud. Crossing Park Props., LLC v. Archer Capital Fund, LP, 311 Ga. App. 177, 182, 715 S.E.2d 444, 448 (2011).

- [Defendant] failed to notify [Plaintiff] when loans funded by [Plaintiff] failed to close and where BinaNat was repaid for loans that were funded by [Plaintiff]. [Defendant] remained silent to mislead [Plaintiff] so that BinaNat and [Defendant] could use [Plaintiff's] money for other purposes such as

4

- business expenses and interest payments. None of these purposes were ever authorized or agreed to by [Plaintiff].

- BinaNat and [Defendant] also took affirmative steps by continuing to deliver interest payments to hide the fact the loans were repaid. These steps were taken to trick [Plaintiff] by concealing the fact that (1) the loan was never made with [Plaintiff's] funds, or (2) BinaNat had been repaid the underlying loans by or for the [Obligors].

- [Defendant] and BinaNat are liable to [Plaintiff] for fraud in the following amounts: Principal: $704,250.00, Interest: $ 80,871.38, Court Costs: $ 308.73 Attorney's Fees and Costs: $ 60,433.29, TOTAL: $845,863.40

- [Defendant] having failed to point to specific evidence giving rise to a triable issue and thus failed to rebut or pierce [Plaintiff's] case for breach of contract, conversion and fraud, the Court orders as follows:

ORDER OF THE COURT

IT IS HEREBY ORDERED that summary judgment is hereby GRANTED in favor of [Plaintiff] against [Defendant] as to [Plaintiff's] claims for breach of contract, conversion, fraud and attorney's fees, as there is no genuine issue as to any material fact.

A writ of *fieri facias* in favor of Plaintiff was recorded in Fulton County on March 14, 2023, in Lien Book 5615, page 269 Fulton County. Defendant, through his counsel, participated in the Fulton County, Georgia Superior Court summary judgment hearing that resulted in the Order.

**Legal Standards**

The Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. When considering whether to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass's*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999).

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Whether a complaint states a claim must be considered in relation to Rule 8(a), which requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

6

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Further, under Rule 9(b), allegations of fraud must be pled with particularity, but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[T]he claims of fraud or defalcation while acting as a fiduciary under § 523(a)(4) are governed by the heightened pleading standards of Rule 9, while Plaintiff's claims for larceny and embezzlement under § 523(a)(4) . . . are governed by Rule 8." *In re Wells-Lucas*, 2021 WL 1234454, at *1–2 (Bankr. N.D. Ga. Mar. 31, 2021); *see also In re Presley*, 490 B.R. 633, 639 (Bankr. N.D. Ga. 2013) ("Rule 9's heightened pleading standard does not apply to allegations of embezzlement or larceny under this section.").

In part, the Complaint objects to Defendant's discharge, pursuant to § 727(a)(4)(C) and seeks a determination that the debt owed by Defendant to Plaintiff is nondischargeable under § 523(a)(4). As to the § 727 Claim, to prevail, Plaintiff must show that: Defendant "knowingly and fraudulently, in or in connection with the case--(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act." 11 U.S.C. § 727(a)(4)(C). To be actionable under § 727(a)(4)(C), "'[t]he conduct of the debtor . . . must be done 'in or in connection with the case' in which he is presently a debtor . . . .'" *Matter of Ledvinka,* 144 B.R. 188, 191 (Bankr. M.D. Ga. 1992); *see also In re Sears*, 2012 WL 1414822, at *3 (Bankr. N.D. Ala. Apr. 23, 2012) (denying relief under § 727(a)(4)(C) because "Plaintiff cannot establish that Debtor's conduct occurred 'in or in connection with' this bankruptcy case").

As to the 523(a)(4) Claim, Plaintiff must demonstrate that its debt is for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §

7

523(a)(4). "A bankruptcy court will not find a fiduciary relationship exists under 11 U.S.C. § 523 unless there is proof of an express or technical trust," and a "fiduciary relationship will not be implied based upon a contractual relationship alone." *In re Mullin*, 88 B.R. 454, 456 (Bankr. S.D. Fla. 1988); *see also Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993). "[A]n ordinary business relationship does not qualify as a technical trust. *In re Morales*, 2013 WL 3335052, at *6 (Bankr. N.D. Ga. June 26, 2013). Embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Ga. Dep't Human Servs. v. Ngwangu (In re Ngwangu)*, 529 B.R. 358, 365 (Bankr. N.D. Ga. 2015) (quoting *Fernandez v. Havana Gardens, LLC,* 562 F. App'x. 854, 856 (11th Cir. 2014)). To establish embezzlement, Plaintiff must show that: "(i) property owned by another is rightfully in the possession of the debtor; (ii) the debtor appropriates the property for personal use, and (iii) the appropriation occurred with fraudulent intent or by deceit." *In re Pervis*, 512 B.R. 348, 382–83 (Bankr. N.D. Ga. 2014). "'Thus, to amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent.'" *In re McQuillin*, 509 B.R. 773, 785 (Bankr. D. Mass. 2014) (quoting *In re Sherman*, 603 F.3d 11, 13 (1st Cir. 2010)). Larceny "is defined as the 'fraudulent and wrongful taking and carrying away of the property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property.'" *Andrews v. Wells (In re Wells)*, 368 B.R. 506, 514 (Bankr. M.D. La. 2006); *see also In re Quinones*, 537 B.R. 942, 950 (Bankr. N.D. Cal. 2015) (defining larceny as a "felonious taking of another's personal property with intent to convert

8

it or deprive the owner of the same," and noting that larceny "'is distinguished from embezzlement in that the original taking of the property was unlawful'").

### Discussion

Defendant asserts, and the Court agrees, that the 727 Claim should be dismissed because the Complaint does not allege that Defendant engaged in any fraudulent conduct after the petition was filed or in any other way that is connected to the bankruptcy case. The Complaint addresses only Defendant's dealings with Plaintiff prepetition, and such conduct, even if true, does not state a claim under § 727(a)(4)(C).

As to the 523(a)(4) Claim, however, the Court does not agree with Defendant that Plaintiff cannot prove that Defendant owes it a debt for embezzlement. As the Court understands the facts from having read the Complaint and its attachments, including a representative servicing agreement, Plaintiff purchased an interest in the loans that BinaNat made to borrowers and BinaNat agreed to act as Plaintiff's agent to collect and remit the payments made by borrowers on the loans. The Complaint sufficiently alleges that the funds paid to BinaNat by the borrowers belonged to Plaintiff and that Defendant caused BinaNat to appropriate the funds to its own use rather than remit them to Plaintiff as required by the servicing agreement. The Complaint contains facts from which the Court could infer that Defendant did so fraudulently. For example, the Complaint alleges that BinaNat and Defendant took affirmative steps by continuing to deliver interest payments to hide the fact that the loans were repaid in order to trick Plaintiff into believing the loans had never been repaid or that Defendant had actually made loans with Plaintiff's funds when he had not. The Court notes that Defendant states in the Motion that the Complaint

does not allege facts that "constitute embezzlement, as no technical trust existed." To the extent that Defendant is arguing that a technical trust is necessary to support a claim for embezzlement, the Court disagrees, as Plaintiff need not rely on the existence of a fiduciary relationship to establish a debt for embezzlement. *See In re Wells-Lucas*, 2021 WL 1234454, at *9 (Bankr. N.D. Ga. Mar. 31, 2021); *see also In re Ozcelebi*, 640 B.R. 884, 901 (Bankr. S.D. Tex. 2022) ("The § 523(a)(4) exception to discharge may still apply outside of a fiduciary relationship when Defendant's actions constitute 'embezzlement' or 'larceny.'"). To the extent that Defendant is arguing that Plaintiff did not actually have a property interest in the funds provided to BinaNat by Plaintiff or in the funds repaid to BinaNat by the borrowers, or is making some other legal argument, the argument is not clearly presented or supported. The Court will deny the Motion without prejudice to Defendant's filing a renewed motion, if appropriate.

## Conclusion

Therefore, it is hereby

ORDERED that the Motion is **GRANTED in part and DENIED in part;**

**IT IS FURTHER ORDERED** that Count One of the Complaint, objecting to Defendant's discharge under § 727(a)(4)(C) is DISMISSED;

**IT IS FURTHER ORDERED** that the remainder of the Motion is DENIED.

**END OF DOCUMENT**

## Distribution List

Robert Storm
94 Rosehill Court

St. Augustine, FL 32092

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

Jon A. Gottlieb
Flynn & Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, GA 30342-1417